**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4769**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID KEITH MILES,

Defendant – Appellant,

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN; GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS; JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS; CHASE MANHATTAN MORTGAGE CORPORATION,

Parties-in-Interest.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:02-cr-00548-CMC-33)

Submitted: March 25, 2009          Decided: April 24, 2009

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John Preston BAILEY, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

C. Rauch Wise, Greenwood, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Keith Miles was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to life in prison. Miles appealed, challenging his conviction and sentence. We affirmed Miles' conviction and rejected claims relating to his sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 360-month variant sentence and Miles timely appealed. Miles asserts only that the district court erred when it calculated his Guidelines range using factors not found by a jury beyond a reasonable doubt. Finding no error, we affirm the district court's judgment.

After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States

3

v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).  Because the district court appropriately treated the resultant Guidelines range as merely advisory, and since Miles' sentence was within the statutory maximum authorized by the jury's verdict (i.e., life in prison, see 28 U.S.C. § 841(b)(1)(A) (2006)), we find that the district court fully complied with the Sixth Amendment and judicial precedent.  See Booker, 543 U.S. at 232-44 (holding that judge found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); see also Rita v. United States, 127 S. Ct. 2456, 2465-66 (2007) (recognizing that its "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Brooks, 524 F.3d 549, 561-62 (4th Cir.) ("[A] sentencing court is entitled to find individualized drug quantities by a preponderance of the evidence, as part of its calculation of an advisory Guidelines range, . . . so long as its resulting sentence is within the relevant statutory range."), cert. denied, Witherspoon v. United States, 129 S. Ct. 519 (2008).

Moreover, to the extent that Miles attempts to challenge the substance of the district court's Guidelines range calculation, these arguments are foreclosed by the mandate rule as they were previously raised by Miles or could have been raised but were not. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted)). The law of the case must be applied:

> in all subsequent proceedings in the same case in the
> trial court or on a later appeal . . . unless: (1) a
> subsequent trial produces substantially different
> evidence, (2) controlling authority has since made a
> contrary decision of law applicable to the issue, or
> (3) the prior decision was clearly erroneous and would
> work manifest injustice.

5

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Because Miles' summary assertions do not fall within any of the above-mentioned exceptions, he may not challenge his Guidelines range calculation on this appeal.

Accordingly, this court must next consider the substantive reasonableness of the sentence imposed on remand, taking into account the totality of the circumstances. Evans, 526 F.3d at 161-62. While the court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

On remand, the district court considered Miles' Guidelines range, heard counsel's argument regarding the weight

6

that should be afforded the § 3553(a) factors, allowed Miles an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Miles' sentence. We find that the district court adequately explained its rationale for imposing the variant sentence, that the sentence was selected pursuant to a reasoned process in accordance with law, and that the reasons relied upon by the district court are plausible and justify the sentence imposed. Abu Ali, 528 F.3d at 260-61; United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED